UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA RICKS, | ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) No. 1:19-cv-4253-JMS-MJD ) |
| PEOPLE READY STAFFING AGENCY, TESSA WETHERALD, and SHAMRA TERRY, | ) ) ) ) ) |
| *Defendants*. | ) |

## ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS

Pending before the Court are Plaintiff Christina Ricks' Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order addresses Ms. Ricks' Motion, screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs further proceedings.

### I.
### MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Ricks' Motion for Leave to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the

filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Complaint

In her Complaint, Ms. Ricks alleges that she was employed by People Ready Staffing Agency ("People Ready"), under the supervision of Tessa Wetherald and Shamra Terry, and was assigned to work at Cummins Engine Company ("Cummins"). [Filing No. 1 at 2.] According to Ms. Ricks, Ms. Wetherald and Ms. Terry told her that she would be making $13 per hour, directed her to lie on her application by not listing a prior felony conviction, and told her that they would bypass her drug screening. [Filing No. 1 at 2.] During her first two weeks of employment, Ms. Ricks did not receive a paycheck stub until she complained to People Ready staff. [Filing No. 1 at 2.] Ms. Ricks alleges that, when she finally received her paycheck stub, it showed that she was only being paid $12 per hour. [Filing No. 1 at 2.] Ms. Ricks alleges that the staff at People Ready told her that "there was a mistake about the hourly pay" and she "was accidentally told" that she would be paid $13 per hour. [Filing No. 1 at 2.] However, she alleges, her supervisor at Cummins, James Batiz, told her that his company was paying People Ready $13 per hour for each employee and, therefore, it was illegal for People Ready to be paying its employees only $12 per hour. [Filing No. 1 at 2-3.]

Ms. Ricks states that, after continued complaints, she "was credited about a week later for pay at $13.00 an hour," but People Ready refused to pay her at this wage for the first week of her employment, during which she worked 24 hours. [Filing No. 1 at 3.] Ms. Wetherald and Ms. Terry informed her that she would only be paid at the $12 per hour rate for her first week, even though she received a raise to $13 per hour starting in the second week. [Filing No. 1 at 3.] According to Ms. Ricks, Ms. Wetherald and Ms. Terry told her to stop speaking to Mr. Batiz about her hourly pay, and they also directed Mr. Batiz to stop speaking to People Ready employees about their hourly pay. [Filing No. 1 at 3.] Ms. Ricks alleges that Ms. Wetherald and

Ms. Terry threatened Mr. Batiz, saying that they knew people at Cummins and could get him fired if he did not stop talking to the People Ready employees about their wages. [Filing No. 1 at 3.] Ms. Ricks states that she "believes this is the reason People Ready will no longer assign any more jobs to her." [Filing No. 1 at 3.]

Ms. Ricks asserts that Defendants violated her civil rights and state and federal law in the following ways: (1) having her lie on her application "to be placed in employment she is not eligible for financial gain;" (2) promising her $13 per hour but only paying her $12 per hour; (3) telling her not to discuss her pay with others; and (4) "no longer providing her with assignments." She asserts that this conduct violates the Fair Labor Standards Act ("FSLA"), the National Labor Relations Act ("NLRA"), and equal protection law, and amounts to deliberate indifference, fraud, breach of contract, negligent misrepresentation, and intentional infliction of emotional distress. [Filing No. 1 at 4.] She seeks $100,000 from each Defendant as compensatory and punitive damages. [Filing No. 1 at 5.]

To the extent that Ms. Ricks intends to bring a claim for violation of her civil rights pursuant to 42 U.S.C. § 1983, including her right to equal protection, she has not alleged facts satisfying the "under color of state law" requirement of that statute. *See, e.g.*, *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) ("§ 1983 actions may only be maintained against defendants who act under color of state law . . ."). Ms. Ricks cannot maintain a cause of action for the alleged violation of her civil rights by her private employer and supervisors. *See id.* ("And although private persons may also be sued under § 1983 when they act under color of

4

state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citation omitted).[1]

To the extent that Ms. Ricks is attempting to assert a claim of employment discrimination, she has not alleged that she was discriminated against on the basis of any particular protected characteristic, such as her gender or race. *See*, *e.g.*, *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013) (stating that Title VII, 42 U.S.C. § 2000e *et seq.*, prohibits status-based discrimination based on race, color, religion, sex, or national origin). Similarly, Ms. Ricks has not alleged that she was retaliated against for complaining about a practice that constituted workplace discrimination. *See* 42 U.S.C.A. § 2000e-3 (prohibiting discrimination against an employee based on the fact that she has "opposed any practice made an unlawful employment practice by this subchapter").

To the extent that Ms. Ricks is attempting to assert a cause of action under the NLRA, this Court is without jurisdiction to adjudicate such a claim. The NLRA created the National Labor Relations Board (the "Board") to enforce its provisions, and the Board has "primary jurisdiction" over issues concerning unfair labor practices. *See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959). To that end, the Supreme Court has held that the NLRA "pre-empts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 275 (1971) (citing *Garmon*, 359 U.S. at

---

[1] Ms. Ricks also references "deliberate indifference," which the Court notes is a standard applying to constitutional claims by prisoners and is not a freestanding cause of action or otherwise applicable to this case. *See e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").

5

245). Accordingly, the Court does not have jurisdiction to adjudicate Ms. Ricks' claim that her employer violated the NLRA, because she did not first bring those claims to the Board.

In addition, Ms. Ricks has not alleged facts stating a claim for a violation of the FLSA. Although she asserts that People Ready paid her a wage lower than what was agreed upon and Ms. Wetherald and Ms. Terry asked her to lie on her job application, instructed her not to discuss her wages with others, and refused to give her assignments based on her wage discussions, none of these allegations appear to come within the purview of the FLSA, which regulates things like minimum wage, maximum hours, and overtime pay. *See* 29 U.S.C. §§ 202, 206, 207.

The rest of the causes of action identified by Ms. Ricks are state law claims. Although the Court expresses no opinion as to whether Ms. Ricks can state a claim for relief under any of these theories, the Court concludes that, because no federal claim has been stated, it is without supplemental jurisdiction to consider the state law claims.

The Court is mindful of Ms. Ricks' *pro se* status and its attendant duty to construe her pleadings liberally. *See e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). Nevertheless, because Ms. Ricks' factual allegations do not state a plausible federal claim for relief, and since the Court does not have supplemental jurisdiction to consider her state law claims, her Complaint must be dismissed. Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, Ms. Ricks shall have until **November 30, 2019** to file an Amended Complaint that adequately sets forth a basis for this Court to exercise jurisdiction and provides a "a short and plain statement of the claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8.

# III.
## FURTHER PROCEEDINGS

Based on the foregoing, Ms. Ricks' Motion for Leave to Proceed *In Forma Pauperis*, [2] is **GRANTED**, and her Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**. Ms. Ricks shall have until **December 2, 2019** to file an Amended Complaint that addresses the deficiencies outlined in this Order and otherwise complies with federal pleading standards. Failure to do so may result in dismissal of this case with prejudice.

Date: 10/31/2019

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Christina Ricks
1628 Cottage Avenue
Apt. 3
Columbus, IN 47201